## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

**MASSACHUSETTS CORRECTION OFFICERS FEDERATED UNION RETIREE HEALTH & WELFARE TRUST FUND, MASSACHUSETTS CORRECTION OFFICERS FEDERATED UNION RETIREE HEALTH AND WELFARE PLAN and MASSACHUSETTS CORRECTION OFFICERS FEDERATED UNION,**

      *Plaintiffs,*

**v.**

**NEW ENGLAND POLICE BENEVOLENT ASSOCIATION, INC., NEW ENGLAND POLICE BENEVOLENT ASSOCIATION HEALTH & WELFARE TRUST FUND, EXECUTIVE BOARD OF THE NEW ENGLAND POLICE BENEVOLENT ASSOCIATION, INC.. EXECUTIVE BOARD OF THE NEW ENGLAND POLICE BENEVOLENT ASSOCIATION HEALTH & WELFARE TRUST FUND, JOHN DOES I, II AND III,  and VOYA FINANCIAL, INC.**

      *Defendants.*

CIVIL ACTION NO. _____

## COMPLAINT

### *Introduction*

1.      Plaintiffs bring this lawsuit to recover plan assets belonging to Plaintiff Massachusetts Correction Officers Federated Union Retiree Health & Welfare Trust Fund ("MCO Trust Fund"), but that were improperly distributed by Defendant Voya Financial Inc. ("Voya")

and thereafter retained and/or spent by one or more of the other Defendants, as well as to recover lost investment earnings, interest and any other losses suffered as a result of Defendants' conduct.

2.      Plaintiffs further bring this lawsuit to recover lost earnings and any other losses due to the delay on the part of Defendant Voya in distributing other plan assets to Plaintiff MCO Trust Fund during the time period that Defendant Voya served as the administrator of the MCO Trust Fund and/or the related ERISA governed plan.

3.      Plaintiffs bring this action seeking recovery under both the Employee Retirement Income Security Act of 1974, as amended ("ERISA") and, to the extent not preempted and/or in the alternative, Massachusetts state law.

4.      Plaintiffs seek recovery under two separate provisions of ERISA: (a) 29 U.S.C. § 1132(a)(2), which authorizes the fiduciary of an ERISA governed plan to bring an action seeking recovery for breach of the fiduciary duties imposed by ERISA; and (b) 29 U.S.C. § 1132(a)(3) for equitable relief, in this case for the return and/or disgorgement of plan assets and recovery of related losses.

5.      Plaintiffs seek equitable relief under Massachusetts law requiring the return by Defendants of the plan assets at issue along with any profits, investment earnings or other gains obtained by any Defendant from the retention, distribution or use of the funds, along with any and all other related losses or harms recoverable under Massachusetts law.

6.      Plaintiffs seek recovery, including multiple damages and attorney's fees, under Chapter 93A from each Defendant.

7.      Plaintiffs further seek damages for breach of contract and professional negligence by Defendant Voya.

*Jurisdiction and Venue*

8.    This Court has original jurisdiction over the ERISA claims in this action pursuant to 29 U.S.C. § 1132(e)(1).  This Court has pendant, otherwise known as supplemental, jurisdiction over the state law claims in this action pursuant to 28 USCS § 1367, because the federal and state claims derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them together in one judicial proceeding.

9.    Venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2) because: (a) each of the Defendants may be found in this district given their actions related to the plan assets at issue and Plaintiffs' claims; (b) as detailed in this Complaint, all applicable ERISA governed plans are administered, at least in part, in this district; and (c) as detailed in this Complaint, Defendants' breaches of ERISA, breaches of fiduciary duty and other misconduct occurred in this district.

10.    Personal jurisdiction over the Defendants lies under 29 U.S.C. § 1132(e)(2), which provides that "process may be served in any . . .  district where a defendant resides or may be found."  Each of the Defendants may be found in Massachusetts, given their actions in Massachusetts related to the plans involved in this action and with regards to the events at issue, which occurred in the Commonwealth, as well as the domiciles of all Defendants other than Defendant Voya.

11.    Plaintiff Massachusetts Correction Officers Federated Union Retiree Health and Welfare Plan ("MCO Plan") is an ERISA governed entity located and operated in Massachusetts for the benefit of participants, many of whom are residents of the Commonwealth. Plaintiff MCO Plan is an ERISA governed plan, can sue in its own name and in its own capacity, and has control of plan assets and various aspects of the administration of an ERISA governed plan, rendering it a fiduciary under ERISA with regard to the events at issue in this complaint. The relevant documents

establishing and governing MCO Plan provide it with control and authority over various aspects of the operation and administration of an ERISA governed plan, rendering it a fiduciary for purposes of ERISA.

12.     Plaintiff MCO Trust Fund is an ERISA governed entity located and operated in Massachusetts for the benefit of participants, many of whom are residents of the Commonwealth. Plan documents establishing and governing the administration and operation of Plaintiff MCO Plan assign responsibilities, duties, status, rights and powers to Plaintiff MCO Trust Fund that render it a fiduciary for purposes of ERISA. Plaintiff MCO Trust Fund's control of plan assets and of aspects of the administration of an ERISA governed plan render it a fiduciary of an ERISA governed plan, namely the MCO Plan.

13.     Plaintiff Massachusetts Correction Officers Federated Union ("MCOFU") is a duly organized and formed union located and operated in Massachusetts. Pursuant to the terms of the relevant documents establishing the MCO Plan and the MCO Trust Fund, Plaintiff MCOFU is a fiduciary of MCO Plan with responsibility and authority for plan assets and those elements of plan administration discussed in this complaint. The relevant plan documents expressly assign fiduciary authority for plan assets and other elements of plan operations at issue in this complaint to Plaintiff MCOFU.

14.     Defendant New England Police Benevolent Association, Inc., ("NEPBA") is a Massachusetts corporation and, upon information and belief, the sponsor of the New England Police Benevolent Association Health & Welfare Trust Fund ("NEPBA Trust Fund").  NEPBA, upon information and belief, possesses fiduciary responsibility and authority with regard to the actions of Defendant NEPBA Trust Fund.

15.     Upon information and belief, Defendant Executive Board Of The New England Police Benevolent Association, Inc.. has authority over and control of Defendant NEPBA and is responsible for its actions, and further possesses fiduciary responsibility and authority with regard to the actions of Defendant NEPBA Trust Fund.

16.     Upon information and belief, Defendant Executive Board of The New England Police Benevolent Association Health & Welfare Trust Fund has authority over and control of Defendant NEPBA Trust Fund and is responsible for its actions, and further possesses fiduciary responsibility and authority with regard to the actions of Defendant NEPBA Trust Fund.

17.     Defendants John Does I, II and III are, upon information and belief, fiduciaries of Defendant NEPBA Trust Fund for purposes of ERISA and possess fiduciary responsibility for its actions in this matter. The true identities of these fiduciaries are not currently known to Plaintiffs and Plaintiffs will amend the Complaint to add their actual identities once they are learned, presumably in discovery in this action.

18.      Defendant VOYA is a Delaware corporation with its headquarters in New York City, and was, at all relevant times, a contracted administrator providing relevant services for the operation of Plaintiff MCO Trust Fund and/or Plaintiff MCO Plan.

### *Facts*

19.     Defendant Voya, at all relevant times, provided administrative services to both Plaintiffs and Defendants. In that role, it was responsible for collecting plan assets and then depositing them into the appropriate bank account of Plaintiff MCO Trust Fund. However, Defendant Voya instead deposited hundreds of thousands of dollars rightfully belonging to Plaintiff MCO Trust Fund into the bank accounts of either Defendant NEPBA or Defendant NEPBA Trust Fund. The funds in question were plan contributions that should have been deposited

by Defendant Voya into the account of the Plaintiff MCO Trust Fund.  Instead, they were erroneously deposited into the account or accounts of either Defendant NEPBA or Defendant NEPBA Trust Fund.

20.    Despite multiple requests and demands, Defendants NEPBA, NEPBA Trust Fund, the Executive Committee of NEPBA and the Executive Committee of NEPBA Trust Fund have not returned the money at issue to Plaintiffs.

21.    Investigation to date has identified seven deposits that were made in error by Defendant Voya to the accounts of either Defendant NEBPA or Defendant NEBPA Trust Fund. The information known to date identifies the dates and amounts of the deposits as follows:

   a.   September 24, 2024 – One deposit totaling $82,060.19

   b.   October 29, 2024 – One deposit totaling $80,062.98

   c.   January 6, 2025 – One deposit totaling $79,588.70

   d.   February 18, 2025 - One deposit totaling $120,312.30

   e.   March 21, 2025 – Three deposits totaling $171,622.42

22.    The identified deposits total $533,646.59. All of these funds should have instead been deposited into accounts of one or more of the Plaintiffs.

23.    Plaintiffs' investigation is continuing and it is believed that it may identify additional deposits and funds that should have been credited to the Defendant MCO Trust Fund but were instead deposited in the account of Defendant NEPBA or Defendant NEPBA Trust Fund. Plaintiffs reserve the right to seek recovery of any other funds, and related losses, that may be identified as well.

24.    The amounts of the deposits listed above were wrongfully received by one or more of the Defendants other than Defendant Voya, continue to be wrongfully retained by such

Defendants, and upon information and belief, some or all of the funds at issue have been converted, spent or otherwise distributed by one more of the Defendants or by individuals under their control or for whom they are legally responsible, rather than being returned to their rightful owner, Defendant MCO Trust Fund.

25.     Furthermore, upon information and belief, after receiving the funds at issue, Defendant NEPBA or Defendant NEPBA Trust Fund used some or all of the funds for investment purposes.

26.     Defendant Voya had discretionary and decision making authority with regard to the funds at issue, including the discretion and authority to direct their deposit to various bank accounts, including of Plaintiff MCO Trust Fund and Plaintiff MCO Plan. During the time that it had control and dominion over the funds at issue, Defendant Voya was a fiduciary of Plaintiffs MCO Trust Fund and MCO Plan.

27.     Once the funds at issue were erroneously distributed to them, all Defendants other than Voya had authority and control over the funds at issue, and thereby possessed fiduciary duties and obligations under ERISA with regard to these plan assets.  These Defendants all breached fiduciary duties under ERISA in failing to promptly return the funds and by using the sums for their own benefit.

28.     Separate from the funds that were erroneously distributed by Defendant Voya to Defendant NEPBA and/or Defendant NEPBA Trust Fund, Defendant Voya also substantially delayed distributing other funds that rightfully belonged to Plaintiff MCO Trust Fund and that were plan assets, in violation of its contractual obligations and of its professional duties. Defendant Voya further had discretionary authority and control over those funds, including the ability to delay

distribution to the appropriate Plaintiffs.  Defendant Voya was therefore at all times a fiduciary with regard to the plan assets at issue.

29.    Upon information and belief, and on current investigation, Defendant Voya delayed in distributing approximately at least $349,000 that was owed to Plaintiff MCO Trust Fund and/or Plaintiff MCO Plan, instead retaining control of those funds for a substantial period of time. It is estimated that Plaintiff MCO Trust Fund and Plaintiff MCO Plan lost investment income of approximately $135,000 during that time period as a result of this delay by Defendant Voya. Plaintiffs are still investigating the facts surrounding or related to Defendant Voya's actions in this regard and believe that both the amount of delayed distribution by Defendant Voya and the lost earnings of Plaintiff MCO Trust Fund and/or Plaintiff MCO Plan from that delay may be higher than set forth in this paragraph.  Plaintiffs reserve the right to seek greater amounts from Defendant Voya should the evidence so warrant.

30.    Defendant Voya's conduct in this regard constituted a breach, upon information and belief, of its contractual obligations owed to one or more of the Plaintiffs.  Furthermore, during the time that it was delaying distributing these funds to Plaintiff MCO Trust Fund, the funds at issue were plan assets and Defendant Voya was exercising control over plan assets. Defendant Voya was therefore a fiduciary, for purposes of ERISA, with regard to these funds. Defendant Voya's actions, errors and omissions were therefore breaches of its fiduciary duties as well.

31.    Plaintiff MCO Trust Fund itself, Plaintiff MCO Plan and all participants and beneficiaries of Plaintiff MCO Trust Fund and Plaintiff MCO Plan, were harmed by Defendants' conduct, acts, errors, omissions and breaches of fiduciary duty.  Plaintiff MCO Trust Fund and Plaintiff MCO Plan were deprived of plan assets by Defendants' conduct, acts, errors, omissions and breaches of fiduciary duty, and lost investment earnings as a result of Defendants' conduct,

acts, errors, omissions and breaches of fiduciary duty. Plan wide harm from Defendants' conduct therefore is present in this matter.

## COUNT I

### Claim for Breach of Fiduciary Duty Under ERISA §1132(a)(2) Against All Defendants

32.    Plaintiffs hereby restate and re-allege all paragraphs above as if expressly set forth herein.

33.    Plaintiffs bring this Count pursuant to ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), which allows a fiduciary to bring claims to recover losses arising from a breach of fiduciary duty.

34.    Each of the Defendants had, at relevant times, discretionary authority and control over the plan assets at issue, and directed their use, distribution, expenditure and/or that they not be returned to Plaintiffs.

35.    In addition, Defendant Voya had discretionary authority and control over the administration of an ERISA governed plan, including over the collection, retention and distribution of assets of the plan and related trust.

36.    Under these circumstances, each and every one of the Defendants was a fiduciary under ERISA responsible for the events at issue in this complaint and each committed breaches of their fiduciary duties, including but not limited to failing to timely and properly distribute, failing to safeguard and failing to return plan assets to Plaintiffs.

37.    Plaintiffs incurred losses from the acts, errors, omissions and breaches of fiduciary duty by Defendants that are alleged herein.  Plan wide harm across the entirety of Plaintiff MCO Trust and Plaintiff MCO Plan was caused by Defendants' conduct and fiduciary breaches, as their conduct and fiduciary breaches caused Plaintiffs to lose funds and investment gains that would

9

have otherwise constituted plan assets and that would have been used for purposes of providing benefits to plan participants and beneficiaries.

38.    Defendants are therefore liable for breach of fiduciary duty.

## <u>COUNT II</u>

### Claim for Equitable Relief pursuant to 29 U.S.C. § 1132(a)(3) Against All Defendants

39.    Plaintiffs incorporate and re-allege the foregoing paragraphs by reference as though fully set forth herein.

40.    ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), provides that "A civil action may be brought . . . (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan."

41.    Defendants owed fiduciary duties to all Plaintiffs.

42.    Defendants breached their fiduciary duties to Plaintiffs through the conduct described above.

43.    Defendants have participated in, and are responsible for, the failure to distribute plan assets to Plaintiffs, and have retained such assets for their own benefit, and/or been responsible for the squandering of those assets if they are not in their possession.

44.    Defendants' breaches of their fiduciary duties caused actual harm, injury and loss to Plaintiffs, and such harm cannot be remedied absent equitable or remedial relief, as the Court may deem necessary.

45.    Pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), Defendants must disgorge, or be surcharged, for the value of the assets wrongfully retained by Defendants, wrongfully distributed or squandered by Defendants, and/or that Defendants refused to return to Plaintiffs.

46.    Pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), Defendants must disgorge, or be surcharged, for the value of the investment gains they earned on the assets they wrongfully retained and/or refused to return to Plaintiffs.

47.    Pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), Defendants must disgorge, or be surcharged, for the lost investment gains that Plaintiff MCO Trust Fund and/or Plaintiff MCO Plan would have otherwise earned but for the Defendants wrongfully retaining, squandering, distributing and/or refusing to return the assets at issue to Plaintiffs.

## COUNT III

### Claim for Unjust Enrichment, Restitution, Money Had and Received, and/or Disgorgement under Massachusetts Law Against All Defendants Other than Defendant Voya

48.    Plaintiffs incorporate and re-allege the foregoing paragraphs by reference as though fully set forth herein.

49.    All Defendants other than Defendant Voya had, at relevant times, control of assets belonging to one or more of the Plaintiffs that had previously been incorrectly distributed by Defendant Voya to one of more of those Defendants.

50.    All such Defendants wrongfully retained those funds despite request that they be returned and without any basis in fact or law for withholding or retaining those funds.

51.    All such Defendants knew that the funds at issue did not belong to any of them but refused to return them to Plaintiffs and/or distributed and/or squandered those funds.

52.    It would be inequitable, unjust and an absence of good conscience for the funds to remain in the possession of any of the Defendants or for any such Defendants to have benefited in any manner, directly or indirectly, from the use, distribution or squandering of those funds. Defendants should therefore be required to return all such funds, or the value of all such funds if

any portion of them have been distributed or squandered by any Defendants or anyone under their control or for whom they are responsible.

53.    Some or all Defendants, other than Defendant Voya, have profited by retention or distribution of the funds at issue and should be ordered to disgorge any and all profits or the value of any and all such profits to Plaintiffs.

54.    Defendants should be ordered to return or pay to Plaintiffs all funds taken, the value of any such funds no longer in their possession, all profits of any type earned from retention or use of those funds, all gains from retention, possession or use of those funds, and all profits from retention, possession or use of those funds.

55.    Defendants should be ordered to reimburse Plaintiffs for any other amounts or types of loss attributable to their wrongful receipt, retention, use of and failure to return the funds at issue.

### COUNT IV

**Claim for Unjust Enrichment, Restitution, Money Had and Received, and/or Disgorgement under Massachusetts Law Against Defendant Voya**

56.    Plaintiffs incorporate and re-allege the foregoing paragraphs by reference as though fully set forth herein.

57.    Defendant Voya had, at relevant times, control of assets belonging to one or more of the Plaintiffs, and wrongfully retained those funds despite being obligated or expected to distribute them in a timely manner to the accounts of one or more of the Plaintiffs.

58.    Upon information and belief, Defendant Voya either profited from retaining those funds during that time period or is legally responsible for the actions and gains of another party who did so profit.

59.    Defendant Voya was never entitled to profit from retention and investment or other use of those funds and either knew or should have known that fact.

60.    It would be inequitable, unjust and an absence of good conscience for any profits from the use of those funds to remain in the possession of Defendant Voya. Defendant Voya should therefore be required to return all such profits of any type to Plaintiffs, including being ordered to disgorge to Plaintiffs any and all profits or the value of any and all such profits.

61.    Defendant Voya should be ordered to disgorge or otherwise pay to Plaintiffs profits of any type earned by it or others over whom it had control arising out of the events at issue in this case.

62.    Defendant Voya should be ordered to reimburse Plaintiffs for any other amounts or types of loss attributable to its wrongful retention, use of and failure to timely distribute the funds at issue.

## <u>COUNT V</u>

### Claim for Breach of Contract Against Defendant Voya

63.    Plaintiffs incorporate and re-allege the foregoing paragraphs by reference as though fully set forth herein.

64.    Defendant Voya contracted with one or more of the Plaintiffs to provide various administrative services for the operation and administration of Plaintiff MCO Trust Fund and/or Plaintiff MCO Plan.

65.    Defendant Voya's contractual obligations included the collection, retention and timely deposit to applicable accounts of Plaintiff MCO Trust Fund and/or Plaintiff MCO Plan of plan assets.

66.     Defendant Voya retained contractual responsibility for doing so regardless of what bank or other financial entity it may have used for these purposes and regardless of any third party it may have utilized for these purposes.

67.     Defendant Voya breached those contractual obligations by excessive delay in depositing said funds into the accounts of Plaintiff MCO Trust Fund or Plaintiff MCO Plan and by depositing other funds into the accounts of other Defendants, rather than into the accounts of Plaintiff MCO Trust Fund or Plaintiff MCO Plan.

68.     Plaintiffs were injured, harmed and suffered financial losses from these actions and breaches by Defendant Voya, including the loss of certain of the funds themselves and loss of investment income on those funds due to Defendant Voya failing to deposit them into the appropriate account or accounts.

69.     Plaintiffs also were injured, harmed and suffered financial losses from Defendant Voya's delay in depositing other portions of the funds into the appropriate account or accounts, causing Plaintiffs to lose investment income that would have otherwise been earned on the funds at issue.

## COUNT VI

### Claim for Negligence Against Defendant Voya

70.     Plaintiffs incorporate and re-allege the foregoing paragraphs by reference as though fully set forth herein.

71.     Defendant Voya assumed and had a duty to safeguard plan assets that it knew belonged to Plaintiffs that were in its possession or under its control and authority.

72.     Defendant Voya breached that duty by distributing plan assets to one or more of the other Defendants instead.  These funds were never recovered by Defendant Voya or otherwise distributed to Plaintiffs.

73.     Defendant Voya further breached its duty of care by excessively delaying distribution of other funds to Plaintiffs, although those funds were eventually transferred by Defendant Voya.

74.     Industry and other standards, including those recognized by Defendant Voya in other similar circumstances, required that Defendant Voya not distribute plan assets to the wrong party and timely distribute plan assets to the proper party.

75.     Defendant Voya's actions fell below the standard of care.

76.     Plaintiffs suffered losses from Defendant Voya's breach of its duty, including loss of some of the funds at issue and loss of investment earnings on both those funds and on the funds that were delinquently distributed by it to Plaintiffs.

## COUNT VII

### Claim for Attorney's Fees Under ERISA §1132(g) Against All Defendants

77.     Plaintiffs incorporate and re-allege the foregoing paragraphs by reference as though fully set forth herein.

78.     Pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g), this Court may award attorney's fees and costs to Plaintiffs in this action.

79.     The Court should award attorney's fees and costs to Plaintiffs under the facts, events, acts, errors, omissions, ERISA violations and claims in this matter.

## COUNT VIII

### Claim for Violation of Chapter 93A Section 11 Against All Defendants

15

80.    Plaintiffs incorporate and re-allege the foregoing paragraphs by reference as though fully set forth herein.

81.    Defendants have engaged in or committed unfair or deceptive acts or practices.

82.     Defendants' conduct, described herein, falls within the penumbra of common-law, statutory, or other established concept of unfairness, and is immoral, unethical, oppressive, or unscrupulous.

83.    Plaintiffs have suffered a loss of money as a result of the Defendants unfair or deceptive act or practice.

84.    Defendants' unfair or deceptive acts and practices caused Plaintiffs' losses delineated herein.

85.    Defendants' unfair and deceptive acts and practices occurred primarily and substantially within the Commonwealth of Massachusetts.

86.    Under the facts delineated herein, Defendants' conduct was willful or knowing, and the Court should award treble damages to Plaintiffs.

87.    The Court should further award attorneys' fees and costs to Plaintiffs.

## <u>COUNT IX</u>

### Claim for Breach of the Covenant of Good Faith and Fair Dealing Against Defendant Voya

88.    Plaintiffs incorporate and re-allege the foregoing paragraphs by reference as though fully set forth herein.

89.    Defendant Voya entered into an enforceable contract with one or more of the Plaintiffs.

90.    The covenant of good faith and fair dealing is implied in the contract as a matter of Massachusetts law.

91.     Defendant Voya's conduct violated the reasonable expectations of Plaintiffs concerning the obligations of the contract.

92.     Defendant Voya's conduct destroyed or injured the right of one or more of the Plaintiffs to receive the fruits, benefits and value of the contract.

93.     Defendant Voya's conduct was unreasonable and demonstrated a lack of good faith in performing its duties under the contract.

94.     Defendant Voya harmed Plaintiffs by interfering with the ability of one or more of the Plaintiffs to enjoy the benefits of the contract and by destroying the benefit to the Plaintiffs of the contract.

### Prayer for Relief

WHEREFORE, Plaintiffs respectfully demand that judgment enter in favor of Plaintiffs against Defendants awarding damages, disgorgement, equitable relief, attorney's fees, interest, costs, and all such other damages, equitable or remedial relief as the Court may deem appropriate under the circumstances.

### Jury Demand

Plaintiffs demand a jury on all issues so triable.

Respectfully submitted,

**MASSACHUSETTS CORRECTION OFFICERS FEDERATED UNION RETIREE HEALTH & WELFARE TRUST FUND, MASSACHUSETTS CORRECTION OFFICERS FEDERATED UNION RETIREE HEALTH AND WELFARE PLAN and MASSACHUSETTS CORRECTION OFFICERS FEDERATED UNION,**

**Date: February 6, 2026**

By their attorneys,

/s/ *Stephen D. Rosenberg*

17

Stephen D. Rosenberg
Caroline M. Fiore
**The Wagner Law Group, P.C.**
One Financial Center
Boston, Massachusetts 02111
Tel: (617) 357-5200
Fax: (617) 357-5250
Email: srosenberg@wagnerlawgroup.com
Email: cfiore@wagnerlawgroup.com

4914-4775-8477, v. 1